IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAMON FERGUSON,<br><br>    Plaintiff<br><br>  VS.<br><br>HALE BURNSIDE, *et al.*,<br><br>    Defendants | NO.  5:08-CV-381 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION TO DISMISS

  Before the court is defendant Hale Burnside's pre-answer motion seeking dismissal.[1]  Tab #19.  In his motion, defendant Burnside contends, *inter alia*, that plaintiff Ramon Ferguson has failed to exhaust the administrative remedies available to him before filing this federal suit, failed to state a constitutional claim, and failed to file his claims within the applicable period of limitations.  On January 13, 2009, plaintiff Ferguson was ordered to file a response to the defendant's motion within twenty days of his receipt of the same.  Tab #23.  Ferguson's initial response was a statement that he "strongly requests for a denial" which was incorporated into his request for an extension of time to find and hire an attorney. Tab #24.   In view of this incomplete response, and in an effort to afford the plaintiff an opportunity to submit a meaningful response, the undersigned allowed Ferguson an additional fifteen (15) days in which to file a more comprehensive response.  Tab #26.  Plaintiff Ferguson has filed such a response (Tab #28) and defendant Burnside has replied thereto (Tab #29).

LEGAL STANDARDS

Motions to Dismiss

  A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted."  When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff.  *Wagner v. Daewoo Heavy Industries*

---

[1] Although plaintiff named Dr. Samuel Macomson as a defendant in his complaint, this individual has not yet been served.

*America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), vacated on other grounds, 298 F.3d 1228 (11th Cir. 2002); See also, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (en banc) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) vacated on petition for rehearing, reinstated by 764 F. 2d 1400 (11th Cir. 1985)).

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

### DISCUSSION

As indicated above, defendant Burnside has raised the affirmative defense of failure to exhaust administrative remedies. In support of this argument, the defendant has provided the affidavit of Richard Grable, Chief Counselor and Grievance Coordinator at Men's State Prison. In his affidavit, Grable notes that plaintiff Ferguson failed to follow DOC grievance procedures insofar as he filed an untimely grievance regarding his allegedly ineffective back surgery and no grievance whatsoever with respect to his claims that he was refused pain medication or treated differently than white inmates. In view of this averment, defendant Burnside contends that plaintiff Ferguson failed to exhaust his administrative remedies, thus requiring dismissal of the instant case.

In his Response, and with regard to the issue of exhaustion, plaintiff Ferguson makes the following claims: (1) he did exhaust "such administrative remedies as were available," (2) the "administrative procedures did not satisfy certain minimum standards of fairness," and (3) since he is "no longer a prisoner," he can simply "reinitiate a lawsuit" and re-file his claim without exhausting any administrative remedies.

In his Reply to plaintiff Ferguson's arguments, defendant Burnside addresses each argument in turn.  As for Ferguson's claim that he did exhaust "such administrative remedies as were available," Burnside notes that, with the exception of the plaintiff's own unsupported conclusory assertions, there is simply no evidence to support this claim.  In light of this failure by the plaintiff, and in consideration of the contents of the affidavit of Richard Grable, Burnside concludes that this argument must be rejected.

Regarding Ferguson's claim that "administrative procedures did not satisfy certain minimum standards of fairness," defendant Burnside begins by referring to the language of the PLRA's exhaustion requirement and the Supreme Court's statement "that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to suit in federal court ." See  *Woodford v. Ngo*, 548 U.S. 81 (2006). In addition, Burnside refers to the Eleventh Circuit's finding that the PLRA's procedural compliance requirement does not violate a plaintiff's constitutional rights.  *Mason v. Bridger*, 261 Fed. Appx. 225, 229 (11th Cir. 2008).  Accordingly, Burnside contends that plaintiff's complaint about the fairness of having to fully comply with the DOC's established administrative grievance procedures is without merit.

Plaintiff's final contention is that  "judicial economy would not be served by the dismissal" because, as he is no longer incarcerated, he could simply re-file his claims without regard to the exhaustion requirements.  Once again, defendant Burnside avers that this argument is without merit. In support of this position, Burnside notes that since plaintiff Ferguson filed his action while he was still incarcerated, his obligation to satisfy the exhaustion requirements of the PLRA remains unchanged despite his subsequent release. See *Harris v. Garner*, 216 F.3d 970 (11th Cir. 2001).  As proper exhaustion is a precondition to filing this type of action, and because of the plaintiff's apparent failure to properly exhaust his claims, Burnside argues that the case must be dismissed.

In light of the foregoing, and after carefully considering the claims and arguments of both parties, the undersigned agrees with the position of defendant Burnside as to each of his arguments regarding exhaustion.  For this reason, the undersigned must conclude that plaintiff Ferguson failed to exhaust his available administrative remedies prior to filing the instant action.  Consequently, this case is not properly before the court and must be DISMISSED.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED** this 28th day of JULY, 2009.



                                          CLAUDE W. HICKS, JR.
                                          UNITED STATES MAGISTRATE JUDGE