# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RAMON FERGUSON, :
:
    Plaintiff, :
:
v. : Civil Action No.
: 5:08-cv-381 (HL)
EDWARD H. BURNSIDE, et al., :
:
    Defendants. :
_____:

## ORDER

Before the Court is Defendant Dr. Samuel Macomson's ("Macomson") Motion to Dismiss (Doc. 40). For the following reasons, the motion is granted.

## I. ALLEGATIONS IN THE COMPLAINT AND PROCEDURAL BACKGROUND

### A. Procedural Background

Pro se Plaintiff, Ramon Ferguson ("Ferguson") filed a second amended complaint on July 29, 2008, alleging Defendant Dr. Edward Burnside ("Burnside") and Macomson violated his federal constitutional rights and state law.[1] He sought declaratory relief and damages under 42 U.S.C. § 1983 and Georgia tort law.

On January 9, 2009, Burnside filed a motion to dismiss Ferguson's complaint (Doc. 19). Macomson did not join Burnside's motion to dismiss. On July 28, 2009, the magistrate judge recommended that Burnside's motion to dismiss be granted because Ferguson failed to show he exhausted his administrative remedies (Doc.

---

[1] The magistrate judge ordered that Ferguson's second amended complaint was to supersede Ferguson's previous complaints (Doc. 9).

31). This Court later adopted the magistrate judge's recommendation and dismissed Ferguson's complaint against Burnside (Doc. 36).

On March 11, 2010, Macomson filed a motion to avoid default and to file an out of time motion to dismiss (Doc. 37). Ferguson did not respond. The Court granted Macomson leave to file an out of time motion to dismiss and directed the clerk's office not to enter default against Macomson (Doc. 39).

Macomson subsequently filed a motion to dismiss (Doc. 40). The motion is now ripe for ruling.

**B.     Allegations Against Macomson in the Complaint**

Ferguson asserts in his complaint he suffered a spine injury during a basketball game while he was incarcerated at Wilcox State Prison. (Doc. 10, Compl. ¶ 8). After noninvasive treatments failed, the complaint alleges that Ferguson received back surgery attended by Macomson to remove two herniated discs from Ferguson's spine. (Id. ¶ 11). Ferguson asserts that Macomson, instead of removing the discs, left the discs in place and merely shaved the discs.(Id. ¶ ¶ 15-16). The shaving, according to Ferguson, most probably caused a nick to his spinal cord. (Id. ¶ 16). Ferguson states he would not have consented to the shaving of his discs if the option had been presented to him. (Id. ¶ 16). Ferguson alleges that Macomson offered to perform a second surgery on Ferguson's back, but Ferguson declined. (Id. ¶ 18). He further alleges that he was denied pain medication because he refused another surgery to be performed by Macomson. (Id. ¶ 19). Ferguson asserts he was

2

denied the same treatment given to similarly situated white inmates. (Id. ¶ 22).

Ferguson believes Macomson's actions constitute violations of the Eighth Amendment, Equal Protection Clause, and state law (Id. ¶ 5). He states in his complaint that he has exhausted his administrative remedies. (Id. ¶ 6).

## II. DISCUSSION

### A. Motion to Dismiss Legal Standard for Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under § 1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. § 1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir.1998).

"A defense for failure to properly exhaust administrative remedies under the PLRA is treated like a defense for lack of jurisdiction." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The court engages a two-step process when determining if a complaint should be dismissed for failure to exhaust administrative remedies. Id. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have

the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citations omitted). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Id. The defendants bear the burden of proving that the administrative remedies have not been exhausted. Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

**B.     Whether Ferguson Exhausted His Administrative Remedies**

Macomson included as part of his motion to dismiss the affidavit of Richard Grable ("Grable"), Chief Counselor and Grievance Coordinator at Men's State Prison. (Doc. 19-4, Ex. 2-A, ¶ 3). Grable averred that Ferguson did not exhaust the available grievance procedures because Ferguson filed an untimely grievance complaining about his back surgery. (Id. ¶ 16). Ferguson also did not file any grievance complaining that he was refused pain medication or treated differently from white inmates. (Id. ¶ 17). Grable further averred that inmates receive written receipts from their counselors when they file informal grievances. (Id. ¶ 8).

Ferguson alleged in his response briefs that he "has responded to satisfy all the State Administration Remedies as were available in the interest of justice." He explained that his "remedies [were] withheld to complete, because the filing paperwork was not returned on a timely basis." In his surreply brief Ferguson wrote

4

that he "has signed documents signed by the Chief Counselor Richard Grable, of the required grievances sent from his office which would contradict [Grable's] statements." In the alternative, he wrote that "he has exhausted all the remedies as possible, there was never a reply from the state [sic]."

The Court takes Ferguson's allegations as true. Because Ferguson's and Macomson's versions of the events conflict, the Court will not dismiss Ferguson's complaint at the first step of the two-step process. The Court will make specific findings of fact as part of the second step.

Macomson has met his burden of establishing that Ferguson has not exhausted his available administrative remedies. Although Ferguson claims that he has documents signed by Grable that contradict Grable's affidavit, Ferguson failed to present to the Court any of the documents. Ferguson does not argue that the prison's policy of providing receipts to inmates for informal grievances was not properly applied to him. As a result, the Court concludes that Ferguson received a receipt each time he filed a grievance. The problem is that Ferguson has not provided to the Court his receipts or any paperwork returned to him by prison officials to support his assertion that his paperwork was not returned on a timely basis. Ferguson has also presented no evidence rebutting the assertion that his grievance complaining about his back surgery was untimely. Finally, in the absence of receipts or other paperwork, Ferguson cannot rebut Grable's averment that Ferguson did not file any grievances complaining of race discrimination or lack of

5

medication.

Ferguson's self-serving and conclusory statements do not overcome the evidence presented by Macomson. The Court is the factfinder. The Court concludes that Ferguson failed to exhaust his administrative remedies because his back surgery grievance was untimely and he did not file a grievance alleging that he was refused pain medication or treated differently because of his race. Because he failed to exhaust his available administrative remedies, Ferguson's complaint must be dismissed.

### III. CONCLUSION

For the explained reasons, Ferguson's complaint against Macomson is dismissed.

**SO ORDERED**, this the 8th day of October, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc